IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LANCE FLEMING,

Plaintiff,

v.

Commissioner of Social Security,

Defendant.

Case No. 06-836-HO

ORDER

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's claim for supplemental security income disability benefits.

Plaintiff asserts disability since February 25, 1970, due primarily to depression and heart problems. The ALJ determined plaintiff was not disabled. Plaintiff argues that: (1) the ALJ erred in rejecting mental impairment findings by six medical

professionals; (2) the ALJ erred in rejecting lay witness testimony; (3) the ALJ failed to properly evaluate plaintiff's residual functional capacity; (4) the ALJ's step five finding is based on an unsupported hypothetical presented to the vocational expert; (5) the ALJ erred in relying on the vocational expert's testimony because the testimony lacked foundation; and (6) the ALJ erred in ignoring documentation about the lack of data for the numbers of jobs at the national and regional levels.

1. Medical Opinion

Where an ALJ chooses to disregard the opinion of a treating physician, he must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor. Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985). If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988). The analysis is the same for an examining physician. See Smollen v Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Embrey, 849

F.2d at 421.

A. Dr. Donna Wicher

Dr. Wicher administered standardized tests and opined that plaintiff is unable to work due to instability in social functioning and problems with memory and concentration. Tr. 472.

The ALJ rejected Dr. Wicher's assessment because the tests she administered showed that plaintiff exaggerated. Tr. 22, 469. The ALJ also noted that Dr. Wicher's one time examination was also based, to a fair extent, on plaintiff's subjective complaints, but that plaintiff lacked credibility. Tr. 22. Plaintiff does not contend the ALJ erred in finding him to lack credibility. The ALJ did not err in failing to find that Dr. Wicher's assessment supported disability. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (Because the record supports the ALJ in discounting plaintiff's credibility, he was free to discount the doctor's opinion which was premised on subjective complaints).

B. Counselor at Network Behavioral Health Care

The record contains a diagnosis from a counselor at the clinic where plaintiff sought treatment. Tr. 935-39.[1] Again the ALJ noted the opinion relied on subjective complaints and therefore the

[1] The court notes that the report is nearly illegible. The court also notes that while the counselor may be an acceptable medical source, the counselor's qualifications for diagnosing schizophrenia, dementia, post-traumatic stress disorder, and anti-social personality disorder are unclear.

ALJ properly discounted the opinion. Tr. 22.

C. Nurse Practitioner Julie Hogan

Nurse Hogan opined that plaintiff would have substantial difficulty working eight-hour days, difficulty dealing with others, and has other marked limitations. Tr. 970-77. The ALJ noted that the assessment also relied on subjective complaints and therefore the ALJ properly discredited the opinion. Tr. 22-23.

D. Dr. Chirag Patel

A treating physician, Dr. Patel, opined as to disabling impairments. Tr. 1711-20. The ALJ noted contrary medical evidence negating disability, noted inconsistencies with a 2003 report by Dr. Patel, and noted that Dr. Patel relied on subjective complaints regarding plaintiff's depression. Tr. 24. The ALJ did not err in rejecting the opinion.

E. Dr. David Wu

Plaintiff's cardiologist opined that plaintiff is disabled. Tr. 1893-97. Although Dr. Wu performed objective testing, the ALJ noted that his opinion was based on plaintiff's complaints of worsening symptoms. Tr. 24. The ALJ noted that follow up testing did not reveal any worsening of plaintiff's heart condition. Tr. 24. The ALJ did not err in failing to credit the opinion as demonstrating disability.

F. Dr. Matilda Mengis

Dr. Mengis opined as to a poor prognosis for work. The ALJ rejected this opinion because it was also based on plaintiff's subjective complaints. Tr. 24. The ALJ did not err in rejecting the opinion.

2. Lay Witness Testimony

In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work. See Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). Lay testimony regarding how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). To discount the testimony of lay witnesses, the ALJ must give reasons that are germane to each witness. Dodrill, 12 F.3d at 919.

Plaintiff argues that the ALJ improperly disregarded the observations of Ronald Quinton who stated that plaintiff has little stamina, is slow, seems to be in pain 20% of the time, and that plaintiff can't finish anything. Tr. 2358-63. The ALJ rejected the observations to the extent they demonstrated an inability to work, noting that they were at odds with the medical record. Tr. 27. The ALJ did not err in his consideration of Quinton's observations. See Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (The ALJ properly discounted lay

testimony that conflicted with the available medical evidence).[2]

3. Residual Functional Capacity

Plaintiff contends that the ALJ failed to consider: plaintiff's ability work on a sustained basis; the rejected medical evidence; all of plaintiff's impairments including non-severe impairments; medication side-effects; and failed to perform a function-by-function assessment. However, the ALJ did make findings that plaintiff can perform modified light work in considering plaintiff's impairments and ability to work on a sustained basis. The ALJ considered medical opinions he found credible and properly discounted other medical opinion. The ALJ further properly discounted plaintiff's own exaggerated assessment of his impairments and side-effects. The ALJ did not err in his analysis of plaintiff's residual functional capacity.

4. Hypothetical to the Vocational Expert

Plaintiff contends that the ALJ relied on vocational expert testimony that itself was based on a faulty hypothetical. However, the ALJ included the pertinent limitations he found supported by

---

[2]In plaintiff's reply, counsel refers to plaintiff's spouse's testimony, but plaintiff did not argue in his opening brief that the ALJ improperly rejected such lay testimony and does not discuss it in his reply other than to state "the Commissioner does not address the ALJ's rejection of plaintiff's spouse's statement." Indeed the record reflects the claimant lives alone and has never been married. Tr. 131-32, 137.

the record. The ALJ did not err in this regard.

5. Foundation for Number of Jobs Available

Plaintiff argues that the vocational expert's testimony regarding the number of jobs available lacked foundation. During the hearing, plaintiff's counsel did not challenge the vocational expert's opinion. The ALJ may appropriately rely on a vocational expert with respect to the number of jobs available. See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005):

> the ALJ's reliance on the VE's testimony regarding the number of relevant jobs in the national economy was warranted. [Footnote omitted] An ALJ may take administrative notice of any reliable job information, including information provided by a VE. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir.1995). A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required.

6. Documentation Regarding Lack of Data For the Numbers of Jobs

Similarly, plaintiff argues that the ALJ improperly disregarded documentation from the United States Department of Labor, the United States Department of Commerce, and the State of Oregon regarding job numbers. Plaintiff's counsel did not question the vocational expert regarding these documents and the ALJ appropriately relied on the vocational expert's testimony. Plaintiff fails to show that the vocational expert lacked an appropriate basis for his opinion the opinion constitutes substantial evidence upon which the ALJ may rely.

CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed and this proceeding is dismissed.

DATED this 28th day of June, 2007.

s/ Michael R. Hogan
UNITED STATES DISTRICT JUDGE